UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN COXON,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT,

    Defendant.

Case No. 21-cv-05099-JCS

**ORDER TO SHOW CAUSE**

I. **INTRODUCTION**

Having granted Plaintiff's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), the Court is required to review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether any claims are subject to dismissal on the basis that they: 1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). For the reasons set forth below, the Court finds that Plaintiff's claims are insufficiently pled. Therefore, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed.

II. **DISCUSSION**

This is the fifth case Plaintiff has brough in this Court in just over a year. See Case Nos. C-20-5636 VC; C-20-9518 CRB; C-21-3587 JSW; C-21-4317 CRB.  All of the previously filed cases have been dismissed for failure to survive the Court's review under 28 U.S.C. § 1915.  In addition, since filing the complaint in this action, Plaintiff has filed two more complaints, in Case Nos.  C-21-6141 JCS and C-21-6311 KAW.  As in his previous cases, Plaintiff has filed a lengthy complaint – this time 208 pages long -- that contains only vague and unspecific allegations

regarding conduct he might have been subjected to and does not identify the individuals or entities who committed the alleged violations; nor does it link any alleged conduct to specific claims.

These allegations do not satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Nor do they satisfy Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requires that the Court accept as true all allegations of fact but not conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements[.]").

## III. CONCLUSION

Accordingly, no later than **September 24, 2021**, Plaintiff must file either an amended complaint curing the deficiencies stated herein or a response to this order addressing why his current complaint is sufficient. If Plaintiff does not respond to this order by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice. The case management conference previously set for **October 1, 2021** is continued to **November 5, 2021 at 2:00 p.m.**

**IT IS SO ORDERED.**

Dated: August 27, 2021

JOSEPH C. SPERO
Chief Magistrate Judge